## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST C. HARPER, | ) | CASE NO. 8:11CV324 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT P. HOUSTON, Director | ) | |
| Nebraska Department of Corr., FRED | ) | |
| BRITTEN, Warden, Tecumseh | ) | |
| Correctional Inst., and NEBRASKA | ) | |
| DEPARTMENT OF CORRECTIONAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Petitioner has made one claim.

Condensed and summarized for clarity, the claim asserted by Petitioner is that he was denied equal protection and due process of law in violation of the Fourteenth Amendment *because:*  (1) the trial court "failed to make a truth in sentencing advisement" under Nebraska law; (2) the trial court failed to grant credit to Petitioner for "time served"; and (3) Petitioner is currently being denied "good time credit" under Nebraska law.

Liberally construed, the court preliminarily decides that this claim is potentially cognizable in federal court.  However, the court cautions that no determination has been made regarding the merits of this claim or any defenses to it or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Petitioner's claim, as set forth in this Memorandum and Order, is potentially cognizable in federal court;

2.      The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail;

3.      By **December 22, 2011**, Respondents shall file a motion for summary judgment or state court records in support of an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 22, 2011:  deadline for Respondents to file state court records in support of answer or motion for summary judgment;

4.      If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

    A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.   Petitioner shall submit no other documents unless  directed to do so by the court.

    E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice

2

stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.     If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**;

5.     If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

A.     By **December 22, 2011**, Respondents shall file all state court records which are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.     Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 23, 2012**: check for Respondents to file answer and separate brief;

6.      No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*; and

7.      Petitioner's Application for Certificate of Appealability (Filing No. 2) is denied without prejudice to reassertion after resolution of the Petition.

DATED this 7th day of November, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4