IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERNEST C. HARPER, | CASE NO. 8:11CV324 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| ROBERT P. HOUSTON, Director Nebraska Department of Corr., FRED BRITTEN, Warden, Tecumseh Correctional Inst., and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, | |
| Respondents. | |

Petitioner Ernest C. Harper ("Harper") filed his Petition for Writ of Habeas Corpus ("Petition") on September 22, 2011. (Filing No. 1.) This matter is before the court on Respondents' Motion for Summary Dismissal. (Filing No. 13.) As set forth below, Respondents' Motion is denied.

## I.    BACKGROUND

In 1982, a jury convicted Harper of one count of robbery, one count of use of a firearm to commit a felony, and two counts of first degree sexual assault. *State v. Harper, 340 N.W.2d 391, 392 (Neb. 1983)*. The Douglas County, Nebraska District Court thereafter sentenced Harper to serve 16 2/3-50 years on the robbery conviction, 6 2/3-20 years on the use of a firearm to commit a felony conviction, 10-20 years on the first sexual assault conviction, and 16 2/3-50 years on the remaining sexual assault conviction. (Filing No. 4 at CM/ECF p. 9.) Petitioner is currently in the custody of the Nebraska Department of Correctional Services on these sentences. (Filing No. 1.) This matter is Petitioner's fifth petition for writ of habeas corpus filed in this court relating to this conviction and sentence. (Filing No. 12-1, Attach. 1, at CM/ECF pp. 9-12.) As with his fourth petition for writ of habeas corpus, Petitioner did not seek authorization from the Eighth Circuit prior to filing

the Petition in this matter. (*Id.* at CM/ECF p. 9; *see also* Docket Sheet.) On initial review, the court summarized Harper's claims as follows:

> Petitioner was denied equal protection and due process of law in violation of the Fourteenth Amendment *because:* (1) the trial court "failed to make a truth in sentencing advisement" under Nebraska law; (2) the trial court failed to grant credit to Petitioner for "time served"; and (3) Petitioner is currently being denied "good time credit" under Nebraska law.

(Filing No. 11.)

## II.  ANALYSIS

### A.  *Applicable Law*

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

However, where a petition for habeas corpus challenges "the execution of [a petitioner's] sentence [it] should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions." *Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001). Where a habeas corpus petition challenges only the execution of a petitioner's sentence but "does not threaten the validity of [the underlying] conviction and sentence, which have already been subjected to both state and federal review," a habeas corpus petition is not successive. *Id.* at 724-25; *see also Sherrod v. Houston*, No. 4:07CV3216, 2009 WL 484360, *2 (D. Neb. Feb. 23, 2009) (finding habeas petition seeking to restore "good time credit" not barred as successive under *Crouch*).

3

### B. Respondents' Motion to Dismiss

Respondents argue that the Petition is successive and should be dismissed because Harper did not seek authorization from the Eighth Circuit prior to its filing. (Filing No. 14.) Harper argues that the court should reach the merits of his Petition because he is not asserting "a direct attack on the conviction and sentence" but is instead challenging the "prison official[s'] . . . interpretation, computation, and calculation" of his sentence as it relates to his "good time" credits. (Filing No. 19 at CM/ECF p. 2.)

The court has carefully reviewed the record in this matter and finds that Parts 1 and 2 of Harper's habeas claim relate entirely to the constitutionality of Harper's 1982 sentences and could have been raised in his previous habeas corpus petitions. (Filing No. 1.) As such, Parts 1 and 2 are successive. Harper has not asserted a new constitutional rule or raised any new facts establishing his innocence as it relates to these two claims. (Filing Nos. 15 and 16.) The court therefore lacks jurisdiction over Parts 1 and 2 because Harper has not sought or received permission from the United States Court of Appeals for the Eighth Circuit to file the successive claims.

Regarding Part 3 of Harper's claim, the court finds that it relates only to the execution of his sentence and does not challenge or otherwise threaten the validity of the underlying sentence.[1] Thus, Harper's Petition is one of a "new breed of 'mixed' petition[s] brought about as the result of the gatekeeping provisions" of AEDPA. *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001). As set forth in *Pennington*, the court must provide Harper "the option of seeking authorization" from the Eighth Circuit to proceed on

---

[1] Importantly, Respondents do not argue, and nothing before the court shows, that Harper has previously raised Part 3 of his habeas claim in a petition for writ of habeas corpus. (Filing Nos. 14 and 18.)

4

his successive claims, "or of amending his petition to delete those claims so he can proceed" only with Part 3 of his habeas claim since that claim "require[s] no authorization." *Id.* at 859. As set forth below, the court will allow Harper this opportunity and will progress this matter to final disposition on the merits after Harper has made his election.[2]

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Dismissal (filing no. 13) is denied. Petitioner's Objection to Motion for Summary Dismissal (filing no. 16) is granted. All other pending motions are denied;

2. Petitioner shall have until April 9, 2012, to either amend his Petition to delete the successive claims (Parts 1 and 2 of his claim), or to seek authorization from the Eighth Circuit Court of Appeals to proceed on these successive claims;

3. In the event that Petitioner takes no action by April 9, 2012, the court will dismiss Parts 1 and 2 of Petitioner's habeas claim and will progress this matter on the merits of Part 3 only; and

4. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: April 9, 2012: Deadline for Petitioner to amend petition or seek authorization on successive claims.

DATED this 9th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] Nothing in this Memorandum and Order shall be construed to bar Respondents from asserting any other defense to Harper's claims such as failure to exhaust, procedural default, or that Harper's claims are barred by the applicable statute of limitations.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.