IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ERNEST C. HARPER,** | ) | **CASE NO. 8:11CV324** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT P. HOUSTON, Director Nebraska Department of Corr., FRED BRITTEN, Warden, Tecumseh Correctional Inst., and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,** | ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on its own motion. On March 9, 2012, the court entered a Memorandum and Order determining that Parts 1 and 2 of Petitioner's sole claim in this matter were successive. (Filing No. 20.) The court gave Petitioner until April 9, 2012, in which to seek authorization from the Eighth Circuit Court of Appeals to proceed on these successive claims or to amend his Petition to delete the successive claims. (*Id.* at CM/ECF p. 5.) The court warned Petitioner that failure to take either action by April 9, 2012, would result in dismissal of Parts 1 and 2 of Petitioner's sole claim and that this matter would proceed as to Part 3 only. (*Id.*) Petitioner thereafter sought reconsideration of the court's March 9, 2012, Memorandum and Order (Filing No. 21) and a certificate of appealability (Filing No. 22). The court denied both requests. (Filing No. 24.)

Petitioner also filed a separate Response to the March 9, 2012, Memorandum and Order indicating that he had sought authorization from the Eighth Circuit to proceed on his successive claims. (Filing No. 25.) However, there is nothing in the court's records showing that Petitioner has, indeed, sought such authorization. Further, the Clerk of the

court has confirmed that the Eighth Circuit Court of Appeals has not received any documents from Petitioner relating to this matter, nor is anything pending in that court relating to this matter. (*See* Public Remark dated May 23, 2012, text-only entry.) Thus, in accordance with its March 9, 2012, Memorandum and Order, the court will dismiss Parts 1 and 2 of Petitioner's claim and will progress this matter as to Part 3 only.

IT IS THEREFORE ORDERED that:

1. Parts 1 and 2 of Petitioner's habeas claim, as set forth in the court's March 9, 2012, Memorandum and Order are dismissed without prejudice;

2. By **July 9, 2012**, Respondents shall file all state court records which are relevant to the remaining cognizable claim (Part 3). *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer;"

3. No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's remaining allegations, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*;

4. Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims;

5. No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court;

6. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision;

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 8, 2012**: check for Respondents to file answer and separate brief; and

8. No discovery shall be undertaken without leave of the court. See Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 25th day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.