IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST C. HARPER, | ) | CASE NO. 8:11CV324 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT P. HOUSTON, Director | ) | |
| Nebraska Department of Corr., FRED | ) | |
| BRITTEN, Warden, Tecumseh | ) | |
| Correctional Inst., and NEBRASKA | ) | |
| DEPARTMENT OF CORRECTIONAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Ernest C. Harper's ("Harper") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed an Answer (Filing No. 32), Amended Brief on the merits of the Petition (Filing No. 34), Reply Brief (Filing No. 39), and relevant State Court Records (Filing Nos. 12, 27, 30, and 31.) Harper filed a response to Respondents' Answer and Brief (Filing No. 34) and a Response to the Reply Brief (Filing No. 40). This matter is therefore deemed fully submitted.

### BACKGROUND

In 1982, a jury convicted Harper of one count of robbery, one count of use of a firearm to commit a felony, and two counts of first degree sexual assault. *State v. Harper, 340 N.W.2d 391, 392 (Neb. 1983)*. The Douglas County, Nebraska District Court thereafter sentenced Harper to serve 16 2/3-50 years on the robbery conviction, 6 2/3-20 years on the use of a firearm to commit a felony conviction, 10-20 years on the first sexual assault conviction, and 16 2/3-50 years on the remaining sexual assault conviction. (Filing No. 4 at CM/ECF p. 9.) Petitioner is currently in the custody of the Nebraska Department

of Correctional Services on these sentences. (Filing No. 1.) This matter is Petitioner's fifth petition for writ of habeas corpus filed in this court relating to this conviction and sentence. (Filing No. 12-1, Attach. 1, at CM/ECF pp. 9-12.) As with his fourth petition for writ of habeas corpus, Petitioner did not seek authorization from the Eighth Circuit prior to filing the Petition in this matter. (*Id.* at CM/ECF p. 9; *see also* Docket Sheet.)

Upon initial review, the court liberally construed the Petition and determined that Harper asserted the following claim: Harper was denied equal protection and due process of law in violation of the Fourteenth Amendment *because:* (1) the trial court "failed to make a truth in sentencing advisement" under Nebraska law; (2) the trial court failed to grant credit to Harper for "time served"; and (3) Harper is currently being denied "good time credit" under Nebraska law. (Filing No. 11.) On March 9, 2012, the court determined that Parts 1 and 2 of Harper's habeas claim were successive and that Harper must seek authorization from the Eighth Circuit in order to proceed on those portions of his claim. (Filing No. 20.) Because Harper failed to seek that authorization, the court dismissed Parts 1 and 2 of Harper's habeas claim without prejudice on May 25, 2012. (Filing No. 26.) Thus, only Part 3 of Harper's claim, that he is currently being denied "good time credit" under Nebraska law in violation of his Fourteenth Amendment rights, remains.

## *ANALYSIS*

Respondents argue that Harper's remaining claim relating to his "good time credits" should also be dismissed because it was filed after the applicable statute of limitations expired, because it is successive, and because it is procedurally defaulted. The issues relating to whether the Petition is successive or barred by the applicable statute of limitations are complex. In addition, the State Court Records filed with the court are

insufficient to resolve the Petition on these bases. However, because the State Court Records show that Part 3 of Harper's claim is procedurally defaulted, the court dismisses this remaining portion of Harper's habeas claim.

**I.      Standards for Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)    there is an absence of available State corrective process; or
        (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the applicable State district court, then in an appeal to the Nebraska Court of Appeals, and then in a petition for further

review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007), (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is not properly raised and may be procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009), (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005), (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied

upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007), (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

**II.    Part 3 of Harper's Claim**

On August 4, 2010, Harper filed a "Motion for Credit for Time Served on Sentence" (the "Postconviction Motion") in the Douglas County, Nebraska District Court. (Filing No. 31-1 at CM/ECF pp. 13-15.) In the Postconviction Motion, Harper raised only Parts 1 and 2 of his habeas claim, and did not raise Part 3. (*Id.*) Indeed, Harper does not reference "good time credits" anywhere in the Postconviction Motion. (*Id.*) The Douglas County District Court denied the Postconviction Motion in its entirety. (*Id.* at CM/ECF p. 21.) Harper filed an appeal of the Douglas County District Court's decision. (*Id.* at CM/ECF pp. 32-59.)

Liberally construing Harper's brief on appeal, he raised the issue of whether his "good time credits" are being properly calculated to the Nebraska Court of Appeals. (*Id.*

at CM/ECF pp. 55-58.) However, although Harper raised the calculation of his "good time credits" as violations of state law, he argues only that the state courts have repeatedly misapplied state law and does not argue that the state courts committed a federal due process violation. (*Id.*) As set forth above, in order to "fairly present" his habeas claims, Harper "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney,* 487 F.3d at 1096, (quotation omitted); *see also Rucker,* 563 F.3d at 771, (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts). As in the Nebraska Court of Appeals, Harper raised Part 3 in the Nebraska Supreme Court as a state law claim only, citing no federal authority. (Filing No. 31-1 at CM/ECF pp. 63-67.) In short, Harper did not raise Part 3 of his habeas claim in the Douglas County District Court at all, and raised it only in the context of Nebraska state law in the Nebraska Court of Appeals and Nebraska Supreme Court. As such, Harper failed to "fairly present" Part 3 of his habeas claim to the Nebraska state courts.

Moreover, Harper is now procedurally barred from raising Part 3 in another postconviction motion, because he cannot submit a successive motion for post conviction relief where, as here, the basis for relief was clearly available at the time of the Postconviction Motion. *See Ortiz,* 670 N.W.2d at 792. As such, Part 3 of Harper's habeas claim is procedurally defaulted and the court cannot reach the merits of this claim unless Harper demonstrates cause and prejudice excusing the default.

**III.     Cause and Prejudice**

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999); *see also* Bell v. Attorney Gen. of the State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007), ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed the record in this matter.  Liberally construed, Harper argues that Part 3 of his habeas claim is not procedurally defaulted because he "has a right to question and test the legailty [sic] of the sentence enforcement at any time if there is a miscomputation and miscalculation which serve [sic] to make the sentence longer than imposed by the sentencing court."  (Filing No. 40 at CM/ECF p. 4.)  Harper does not cite any cases in support of this argument, nor does the court believe any exist. Indeed, there is no case law of which the court is aware that permits a petitioner to raise a state-law only claim relating to the calculation of "good time credits" whenever the petitioner chooses, regardless of any procedural bar.  In short, Harper's argument lacks merit.  Harper has not submitted any argument or evidence which shows that he was objectively impeded from filing Part 3 of his habeas claim in his Postconviction Motion, or

7

on appeal. Because Harper has not demonstrated cause and prejudice to excuse his procedural default, Part 3 of his habeas claim is dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Part 3 of Petitioner Ernest C. Harper's habeas claim, as summarized in the court's March 9, 2012, Memorandum and Order, is dismissed with prejudice;

2. Parts 1 and 2 of Petitioner's habeas claim, as summarized in the court's March 9, 2012, Memorandum and Order remain dismissed without prejudice;

3. A separate judgment will be entered in accordance with this Memorandum and Order; and

4. Petitioner's Objection (Filing No. 35) is denied.

DATED this 6th day of December, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.